**FILED**
**Aug 21, 2023**
**10:32 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Carlton Lucia, Jr. | ) Docket No. 2022-07-0349 |
| | ) |
| v. | ) State File No. 53823-2021 |
| | ) |
| DSV Solutions, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer contends the employee did not meet his burden of proof at the expedited hearing for entitlement to medical benefits. The employee injured his right wrist when closing the door to a shipping container. The employer initially accepted the injury as compensable and provided medical treatment, including surgery. Following surgery, the employee continued to have swelling in his wrist and noticed issues with grip strength and dropping objects. After additional testing, the employee's authorized physician diagnosed carpal tunnel syndrome and recommended another surgery, which the employer denied. Following an expedited hearing, the trial court found the employee was likely to prevail at trial and issued an order requiring the employer to provide the surgery. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Kristen C. Stevenson, Knoxville, Tennessee, for the employer-appellant, DSV Solutions, Inc.

C. Larry Hicks, Camden, Tennessee, for the employee-appellee, Carlton Lucia, Jr.

# Memorandum Opinion[1]

On June 10, 2021, Carlton Lucia, Jr. ("Employee") was working for DSV Solutions, Inc. ("Employer"), when he injured his right wrist and thumb closing the door to a shipping container. Employer authorized medical care and provided a panel of orthopedists, from which Employee selected Dr. Blake Chandler. Dr. Chandler ordered x-rays at Employee's initial visit on September 15, 2021, which revealed a partially healed scaphoid fracture. Dr. Chandler then ordered an MRI, which showed that "the bone was starting to crumble due to loss of blood supply and oxygen and arthritic changes." Dr. Chandler referred Employee to Dr. Michael S. Dolan, a hand and wrist specialist within the same practice.

Dr. Dolan saw Employee on October 21, 2021, at which time he requested a CT scan to determine the age and severity of the fracture. The scan revealed a nondisplaced oblique fracture of the proximal pole of the scaphoid, though it did not reveal the age of the fracture. Dr. Dolan recommended surgery to repair the wrist fracture, which Employer approved. Following the procedure, Employee was placed in a cast, which was removed two weeks later and replaced with a splint. He underwent physical therapy for two months before Dr. Dolan released him to work without restrictions on February 15, 2022.

At an appointment with Dr. Dolan in March 2022, Employee indicated he was still having issues with swelling, and in April 2022 he reported a loss of grip strength and a tendency to drop items he was holding with his right hand. Dr. Dolan stated, "Based upon the patient's history and exam, I believe [he has] carpal tunnel syndrome" and ordered an EMG to confirm his diagnosis. Employer declined to authorize the EMG, and Employee's counsel filed a petition for benefit determination. The EMG ultimately took place in July 2022.

At Employee's August 2022 appointment, Dr. Dolan reviewed the results of the EMG, stating Employee had "textbook carpal tunnel exacerbation" and noting Employee had not had any carpal tunnel symptoms prior to the work injury. He recommended surgery, which Employer denied despite a favorable recommendation from its utilization review provider. Employee's attorney sent a questionnaire to Dr. Dolan on March 7, 2023, asking if the carpal tunnel surgery he had recommended was "medically necessary as a result of the work injury of June 10, 2021." Dr. Dolan marked "[y]es" in the space provided and signed the questionnaire.

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

At a May 23, 2023 expedited hearing, Employer argued that the carpal tunnel syndrome was due to a new injury based on a March 10, 2022 physical therapy note in which the therapist suspected the soreness in Employee's wrist was due to "prolonged overuse" from working on his farm. In its order, the trial court found that Employee was an "honest, candid, and forthright" witness regarding his lack of symptoms prior to the work injury. The trial court also determined that Dr. Dolan's medical records and response to the questionnaire established that the carpal tunnel syndrome was a "complication" from the work injury and its medical treatment; further, the carpal tunnel release was medically necessary as a result of the work injury. As such, the trial court awarded the requested medical benefits, stating Employee is likely to prove that the carpal tunnel syndrome is causally related to the work accident and that the surgery is reasonably necessary to treat it.[2] Employer has appealed.

In its notice of appeal, Employer states that the issue is "[w]hether Employee met his burden of proof of establishing an injury or aggravation of a pre-existing condition primarily arising out of employment and/or entitlement to medical treatment for carpal tunnel syndrome." Neither party filed a brief, and neither party filed a transcript of the hearing.

Without a transcript or statement of the evidence, we presume that the evidence presented at the expedited hearing supported the findings of the trial court. *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Moreover, in the absence of a brief, Employer has presented us with no meaningful legal argument to explain why it believes the trial court erred. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employer, we would be acting as its counsel, which the law clearly prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a party] may have made" because doing so "would

---

[2] Employee requested attorneys' fees, although his counsel did not specify the specific provision of the statute that supported the request. The trial court deferred consideration of the request until the compensation hearing, citing *Travis v. Carter Express, Inc.*, No. 2018-03-0237, 2019 TN Wrk. Comp. App. Bd. LEXIS 25, at *13, 14 (Tenn. Workers' Comp. App. Bd. June 24, 2019).

place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Id*. Consequently, based on the paucity of the record before us, we affirm the decision of the trial court.

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Carlton Lucia, Jr. | ) | Docket No.     2022-07-0349 |
| | ) | |
| v. | ) | State File No.  53823-2021 |
| | ) | |
| DSV Solutions, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of August, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Kristen C. Stevenson | | | | X | kcstevenson@mijs.com |
| Charles L. Hicks | | | | X | office@hickslawfirm.net larry@hickslawfirm.net |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov